UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL ROBERTO MEDINA-RUIZ,

        Petitioner,

   v.

SECRETARY MARKWAYNE
MULLIN, TODD BLANCHE,
ACTING DIRECTOR-ICE TODD
LYONS,  MIAMI FIELD OFFICE
DIRECTOR ICE ERO,  SOFT
SIDED FACILITY SOUTH,

        Respondents.

Case No. 2:26-cv-1409-KCD-DNF

## **ORDER**

Petitioner Emmanuel Roberto Medina-Ruiz has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. Respondents now concede that Petitioner is entitled to a bond hearing under *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), which

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

held that "aliens unlawfully in the interior" are entitled to seek release from immigration custody through 8 U.S.C. § 1226. *Id.* at \*19. (Doc. 7.)

Petitioner demands his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Petitioner is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Petitioner with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Petitioner also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at \*8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Petitioner with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.

Accordingly, the Amended Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the

Government to provide Petitioner with the statutory process required under §

1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk

is directed to terminate any pending motions and deadlines and close the

case.

      **ORDERED** in Fort Myers, Florida on May 21, 2026.

Kyle C. Dudek
United States District Judge

3